IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 19, 2015

**STATE OF TENNESSEE v. ANTONIO J. BEASLEY, SR.**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 181833, 181959     Barry A. Steelman, Judge**
**Rebecca J. Stern, Judge**

———————————

**No. E2014-01845-CCA-R3-CD - Filed April 16, 2015**

———————————

The Defendant, Antonio J. Beasley, Sr., was convicted of various offenses during 1989 and 1990. In 1989, the Defendant pleaded guilty to larceny and received six years' probation. In 1990, the Defendant pleaded guilty to attempt to commit arson and to possession of cocaine and was sentenced to concurrent terms of four years' confinement for attempted arson and eleven months, twenty-nine days for possession of cocaine. Twenty-four years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence relative to the attempted arson and drug possession convictions because the court erroneously imposed concurrent sentences because the Defendant was "out on the grand larceny." The trial court summarily dismissed the motion for failure to state a colorable claim. On appeal, he contends that the trial court erred by dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Antonio J. Beasley, Sr., Atlanta, Georgia, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and M. Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 5, 1989, the Defendant pleaded guilty to grand larceny in case number 175235. The Defendant received a six-year sentence to be served at the penal farm, which

was suspended to probation for ten years. On June 20, 1990, the Defendant pleaded guilty to attempt to commit arson in case number 181959 and to possession of cocaine in case number 181833. The trial court sentenced the Defendant to concurrent terms of four years' confinement for attempted arson and eleven months, twenty-nine days' probation for drug possession. The court recommended the Defendant for the boot camp program and advised the Defendant that if he was accepted and successfully completed the ninety-day program, he would serve the remainder of his sentences on probation. The prosecutor informed the trial judge that the Defendant was on probation for grand larceny in case number 175235 at the time he committed the offenses in case numbers 181959 and 181833, and the judge said he would write a letter to the boot camp program recommending the Defendant for acceptance.

In 2008, the Defendant filed a motion to correct the judgments in case numbers 181959 and 181833. He alleged in his motion that on June 22, 1990, he pleaded guilty to drug possession, attempted arson, and grand larceny in case numbers 181833, 181959, and 4106415, respectively. He alleged that in 1996, his six-year sentence in case number 4106415 expired, that the judgments in case numbers 181833 and 181959 did not reflect a conviction in case number 4106415, and that the federal probation officer "used" the attempted arson conviction against him.

On January 20, 2009, the trial court entered an order. The court found that on May 5, 1989, the Defendant pleaded guilty to grand larceny in case number 175235 and received a six-year sentence to the penal farm and that the sentence was suspended to probation for ten years. The court also found that on June 22, 1990, the Defendant pleaded guilty to drug possession and attempted arson. It found that the Defendant received a sentence of eleven months, twenty-nine days to the county workhouse, which was suspended for one year, for the drug possession conviction and four years' confinement for the attempted arson conviction. The court found that neither judgment in case numbers 181833 and 181959 referred to a conviction in case number 175235, that the transcript from the guilty plea hearing in case numbers 181833 and 181959 did not describe the sentence in case number 175235 as concurrent or consecutive to the sentences in case numbers 181833 and 181959, and that the trial judge at the guilty plea hearing did not make findings of fact regarding the order of the sentences with respect to the sentence in case number 175235. The court noted that the prosecutor informed the sentencing judge the Defendant was on probation at the time he committed the offenses in case numbers 181833 and 181959 and found that the "parties and the judge did not intend for the sentences" in case numbers 181833 and 181959 to be consecutive to the sentence in case number 175235. The court ordered the State to file a response to the Defendant's motion and stated that if no response was filed, the court would find that the failure to reference case number 175235 on the judgments in case numbers

181833 and 181959 was a clerical error subject to correction pursuant to Tennessee Criminal Procedure Rule 36.

On March 10, 2009, the trial court entered an order noting that the Defendant's probation in case number 175235 was reinstated before he entered his guilty pleas in case numbers 181833 and 181959. The order stated that the State conceded the failure to describe the concurrent sentences was a clerical error and ordered the judgments in case numbers 181833 and 181959 be corrected to reflect concurrent sentences with case number 175235.

On August 20, 2014, the Defendant filed a subsequent motion to correct an illegal sentence in case numbers 175235, 181833, and 181959. However, the Defendant also alleged errors in the judgments in case numbers 221828, 221830, 222998, 224140, 224141, 224136, 224137, and 224139. The substance of the motion, though, focused solely on case numbers 175235, 181833, and 181959. He alleged that the concurrent sentences in case numbers 175235, 181833, and 181959 were in direct contravention of Tennessee Code Annotated sections 36-16-605(c) and 40-20-111(b) and Tennessee Criminal Procedure Rule 32(c)(3)(B)-(C), which all required consecutive sentences. He argued that because he committed the attempted arson and drug possession offenses while on probation for larceny, the trial court's imposing concurrent sentences was illegal. The trial court denied the motion on the ground that the motion failed to state an illegality in any of the sentences and noted that consecutive sentences for an offense committed while on probation was not mandatory. This appeal followed.

The Defendant contends that the trial court erred by denying his motion for corrected judgments in case numbers 175235, 181833, and 181959. He argues that the imposition of consecutive sentences was required pursuant to Tennessee Code Annotated section 40-20-111(b) and Criminal Procedure Rule 32(c)(3). He argues that at the time of the offenses in case numbers 181833 and 181959, he was released on probation for case number 175235. The State responds that the trial court properly denied the motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

The Defendant relies, in part, on Tennessee Criminal Procedure Rule 32(c)(3) to support his claim that his sentence in case number 175235 was required to be served consecutively to his sentences in case numbers 181833 and 181959. Rule 32(c)(3) states,

> [W]hen the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while *on parole* for a felony;
>
> (B) to a sentence *for escape* or for a felony committed while *on escape*;
>
> (C) to a sentence for a felony committed while the defendant was *released on bail* and the defendant is convicted of both offenses; and
>
> (D) for any other ground provided by law.

(emphasis added).

The record contains no evidence showing that the Defendant was released on bond at the time he committed any criminal offense. Likewise, no evidence shows that any offense was related to an escape or occurred when the Defendant was released on bail or on parole. However, relative to the attempted arson and drug possession charges in case numbers 181833 and 181959, the record reflects that the Defendant was on probation for larceny in case number 175235 when the attempted arson and drug possession offenses occurred. This court has previously concluded in the context of a motion to correct an illegal sentence that "nothing in the language of Rule 32(c) . . . require[s] the imposition of consecutive sentencing when a defendant commits a felony offense while on probation." *Frederick O. Edwards v. State*, No. W2014-01463-CCA-R3-CO, 2014 WL 7432166, at *3 (Tenn. Crim. App. Dec. 30, 2014). The Defendant's concurrent sentences are not in direct contravention of Rule 32(c)(3).

Likewise, Tennessee Criminal Procedure Rule 32(c)(2)(A)(i) provides that if a defendant has a prior sentence not fully served and the trial court is informed of the unserved prior sentence before sentencing on a new charge, the sentence imposed is deemed

concurrent to the prior unserved sentence unless it affirmatively appears that the new sentence is consecutive. Tennessee Code Annotated section 40-35-115(b)(6) (2014) provides a trial court discretion in determining whether to order consecutive sentences when a defendant is sentenced for an offense committed while on probation. The record reflects that the court was informed at the sentencing hearing that the Defendant was on probation in case number 175235 when he committed the offenses in case numbers 181833 and 181959. Because the court made no affirmative finding that the new sentences in case numbers 181833 and 181959 were consecutive to the sentence in case number 175235, the sentences are deemed concurrent. The Defendant is not entitled to relief on this basis.

The Defendant also relies on Tennessee Code Annotated section 40-20-111(b) (2014) to support his claim that his sentence in case number 175235 was required to be served consecutively to his sentences in case numbers 181833 and 181959. Code section 40-20-111(b) provides for mandatory consecutive sentences if a defendant commits a new felony while released on bail. As we have previously stated, nothing in the record shows that the Defendant was released on bail at the time he committed any criminal offense. As a result, the Defendant's reliance on Code section 40-20-111(b) is misplaced. He is not entitled to relief on this basis.

We conclude that the trial court properly dismissed the Defendant's motion for corrected sentences pursuant to Rule 36.1 and that he is not entitled to relief. The judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE